UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ashley Bennett,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Beaufort County and the Beaufort County Council,<br><br>　　　　　　　　　Defendants. | Civil Action No. 9:19-1515-BHH<br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina. On March 10, 2020, Magistrate Judge Marchant issued a Report and Recommendation ("Report") recommending that Plaintiff Ashley Bennett ("Plaintiff") be afforded an opportunity to file an amended complaint to address the issues and defenses discussed in the Report. (ECF No. 21 at 11.) If Plaintiff fails to do so, however, Magistrate Judge Marchant recommends that Defendants Beaufort County and Beaufort County Council's (collectively "Defendants") motion for judgment on the pleadings (ECF No. 13) be granted, and that this case be dismissed. (ECF No. 21 at 11.)[1]

## BACKGROUND

The Magistrate Judge entered his Report on March 10, 2020, finding that Plaintiff's Title VII claims against Defendant Beaufort County are subject to dismissal

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exists there.

1

because the County was not Plaintiff's "employer" within the meaning of Title VII. (*See* ECF No. 21 at 3–9.) Magistrate Judge Marchant further found that Plaintiff's Title VII claims against Defendant Beaufort County Council fail because, by statute the County Council only appoints two employees and therefore falls short of the required fifteen or more employees to be subject to suit under Title VII. (*See id.* at 9–11.) However, the Magistrate Judge recommended that Plaintiff be afforded an opportunity to amend her complaint because she may be able to assert her claims against one or more of these Defendants under an alternative statute (such as the South Carolina Human Affairs Law, S.C. Code Ann § 1-13-10, *et seq.*), or may be able to substitute a party defendant(s) against which to pursue her claims (such as the individual County Council member(s) under 42 U.S.C. § 1983). (ECF No. 21 at 11.) On April 14, 2020, Plaintiff filed objections arguing generally that: (1) the Magistrate Judge's recommendation to dismiss her Title VII claims was premature and made without the proper factual inquiry; and (2) the Report failed to properly consider the statutory scheme that governs Beaufort County and its administration. (*See* ECF No. 23.) The matter is ripe for consideration and the Court now makes the following ruling.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge

or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

The Magistrate Judge first found that Beaufort County is entitled to judgment on the pleadings because it was not Plaintiff's employer, and therefore cannot be held liable to Plaintiff in this case under Title VII. (*See* ECF No. 21 at 3–9.) Plaintiff objects to this conclusion arguing that the statutory scheme which governs the County and its administration dictates that Plaintiff was a County employee. (ECF No. 23 at 3–6.) Plaintiff appears to simply overlook the relevant portion of S.C. Code § 4-9-30, which states that the County's "employment and discharge authority *does not extend to any personnel employed in departments or agencies under the direction of an elected official* or an official appointed by an authority outside county government." S.C. Code § 4-9-30(7) (emphasis added); *see Eargle v. Horry Cty.*, 545 S.E.2d 276, 280 n.5 (S.C. 2001) (noting that § 4-9-30(7) prohibits a county from exercising "employment authority" over employees of elected officials). Plaintiff was appointed to the position of Clerk by the County Council, which is comprised of elected officials. (*See* Compl. ¶ 10, ECF No. 1); *see also* S.C. Code § 4-9-110 ("The council shall appoint a clerk to record its proceedings and perform such additional duties as the council may prescribe."). Suffice it to say, Plaintiff has not shown that the Magistrate Judge committed any error in his

analysis regarding the issue of whether Beaufort County can be considered Plaintiff's "employer" for purposes of Plaintiff's Title VII claims. The objection is overruled.

Plaintiff next objects by arguing that the Report "fails to consider the law of the Fourth Circuit so as to determine whether Defendants qualify as joint employers for the purposes of Title VII liability." (ECF No. 23 at 6.) To the contrary, the Magistrate Judge quoted extensively from *Jackson v. Richland Cty.*, No. 15-cv-4332, 2016 WL 3456943 (D.S.C. Feb. 24, 2016), *report and recommendation adopted*, No. 15-cv-04332, 2016 WL 3433955 (D.S.C. June 22, 2016), which in turn cites the Fourth Circuit's adoption, in *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 410 (4th Cir. 2015), of the "hybrid test" for applying various factors to determine whether an entity is an employer under Title VII pursuant to the joint employment doctrine. (*See* ECF No. 21 at 7–8.) Magistrate Judge Rogers found that "Plaintiff has alleged no facts to show that the County had any employment or discharge authority over her in her position of Clerk to the County Council" (*id.* at 8), and the Court agrees. The objection is overruled.

The Magistrate Judge further found that Beaufort County Council is not subject to suit under Title VII because it does not employ the requisite "fifteen or more employees." (*See* ECF No. 21 at 11 (citing 42 U.S.C. § 2000e(b)).) Plaintiff asserts that this finding was premature at the dismissal stage because the County Council did not allege in its answer that it only employs two individuals, and "Plaintiff should have been given some opportunity to perform discovery and then argue the matter at summary judgment or at a more appropriate time for a Rule 12(c) motion." (ECF No. 23 at 3.) The Court disagrees and finds no error in the Magistrate Judge's conclusion that, by law, the County Council only appoints two employees: the Clerk to Council (Plaintiff's former

4

position) and the County Administrator. *See* S.C. Code §§ 4-9-110, 620. In any event, the issue is moot because, provided Plaintiff takes the opportunity to amend her complaint, she will be afforded the related opportunity to conduct discovery on these matters.

The remainder of Plaintiff's "objections" describe the factual allegations that Plaintiff plans to set forth in her amended complaint should the Court adopt the findings and recommendations of the Report, including facts to support the assertion that Beaufort County and Beaufort County Council were Plaintiff's joint employers by virtue of both exercising significant control over the essential terms and conditions of her employment. (*See* ECF No. 23 at 6–11.) These allegations go to Plaintiff's possible cure of the deficiencies in her complaint and do not reveal any error in the Magistrate Judge's Report. Accordingly, to the extent they are considered objections, they are overruled.

## **CONCLUSION**

After careful consideration of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 21) of the Magistrate Judge and incorporates it herein. Accordingly, Plaintiff's objections (ECF No. 23) are OVERRULED and her Title VII claims are DISMISSED *without prejudice.* Plaintiff has thirty days from the filing of this Order to amend her complaint. This case is remanded back to the Magistrate Judge for further handling.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

April 17, 2020
Charleston, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.